UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| STEPHANIE D. WEST, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL NO. 1:16cv424 |
| | ) |
| NANCY A. BERRYHILL, Acting | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

OPINION AND ORDER

This matter is before the court for judicial review of a final decision of the defendant Commissioner of Social Security Administration denying Plaintiff's application for Child Disability Benefits (CDB) and Supplemental Security Income (SSI) as provided for in the Social Security Act. 42 U.S.C. § 423(d); 42 U.S.C. §1382c(a)(3). Section 205(g) of the Act provides, inter alia, "[a]s part of his answer, the [Commissioner] shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based. The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the case for a rehearing." It also provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. §405(g).

The law provides that an applicant for disability insurance benefits must establish an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of no less than 12 months. . . ." 42 U.S.C. §416(i)(1); 42 U.S.C. §423(d)(1)(A). A physical or mental

impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §423(d)(3). It is not enough for a plaintiff to establish that an impairment exists. It must be shown that the impairment is severe enough to preclude the plaintiff from engaging in substantial gainful activity. *Gotshaw v. Ribicoff*, 307 F.2d 840 (7th Cir. 1962), cert. denied, 372 U.S. 945 (1963); *Garcia v. Califano*, 463 F.Supp. 1098 (N.D.Ill. 1979). It is well established that the burden of proving entitlement to disability insurance benefits is on the plaintiff. *See Jeralds v. Richardson*, 445 F.2d 36 (7th Cir. 1971); *Kutchman v. Cohen*, 425 F.2d 20 (7th Cir. 1970).

Given the foregoing framework, "[t]he question before [this court] is whether the record as a whole contains substantial evidence to support the [Commissioner's] findings." *Garfield v. Schweiker*, 732 F.2d 605, 607 (7th Cir. 1984) citing *Whitney v. Schweiker*, 695 F.2d 784, 786 (7th Cir. 1982); 42 U.S.C. §405(g). "Substantial evidence is defined as 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rhoderick v. Heckler*, 737 F.2d 714, 715 (7th Cir. 1984) quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1410, 1427 (1971); *see Allen v. Weinberger*, 552 F.2d 781, 784 (7th Cir. 1977). "If the record contains such support [it] must [be] affirmed, 42 U.S.C. §405(g), unless there has been an error of law." *Garfield*, *supra* at 607; *see also Schnoll v. Harris*, 636 F.2d 1146, 1150 (7th Cir. 1980).

In the present matter, after consideration of the entire record, the Administrative Law Judge ("ALJ") made the following findings:

1. Born on November 2, 1991, the claimant had not attained age 22 as of January 17,

2006, the alleged onset date (20 CFR 404.102, 416.120(c)(4) and 404.350(a)(5). She was unmarried until February 14, 2105.

2. The claimant has not engaged in substantial gainful activity since January 17, 2006, the alleged onset date (20 CFR 404.1571 *et seq*., and 416.971 *et seq*.).

3. The claimant has the following severe impairments: chronic back pain due to lumbar facet arthropathy sacroiliitis (Exhibits 2F; 11F; 12F); history of migraine headaches (Exhibits 1F; 2F; 5F; 8F; 13F; 14F; 15F); history of chronic abdominal pain due to irritable bowel syndrome (Exhibits 2F; 5F; 7F; 13F); asthma (Exhibits 14F; 15F); obesity (Exhibit 2F); bipolar disorder (Exhibits 2F; 4F); anxiety (Exhibits 2F; 4F; 13F); attention deficit hyperactivity disorder (ADHD)(Exhibit 2F); and borderline intellectual functioning (Exhibit 4F)(20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 2 CFR 404.1567(b) and 416.967(b) but with further restrictions as follows: The claimant needs the option to sit and stand, which allows for alternating between sitting and standing up to every 30 minutes, if needed, while the positional change not render the individual off task. Climbing of ramps/stairs, balancing, stooping, kneeling, crouching, and crawling, are limited to an occasional basis, but the claimant can never climb ladders, ropes or scaffolds. The claimant also needs to avoid concentrated exposure to extreme cold, heat, humidity, loud noise, bright flashing lights, pulmonary irritants (i.e. fumes, odors, dust, gases, poorly ventilated areas, and chemicals), and hazards (i.e. operational control of dangerous moving machinery, unprotected heights, and slippery uneven moving surfaces). Mentally, the claimant cannot understand, remember, or carry out detailed or complex job instructions, but remains capable of performing simple, repetitive tasks on a sustained basis (meaning eight hours a day/five days a week, or an equivalent work schedule). Finally, the claimant cannot engage in fast-paced work or work requiring a regimented pace of production, but rather is limited to work at a flexible pace (i.e. where there is allowance of some independence in determining either the timing of different work activities, or pace of work).

6. The claimant has no past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born on November 2, 1991, and was 14 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. The claimant has a limited education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 404.1568 and 416.968).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569(a), 416.969, and 416.969(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from January 17, 2006, through the date of this decision (20 CFR 404.350(a)(5), 404.1520(g) and 416.920(g)).

(Tr. 20-32).

Based upon these findings, the ALJ determined that Plaintiff was not entitled to disability insurance benefits. The ALJ's decision became the final agency decision when the Appeals Council denied review. This appeal followed.

Plaintiff filed her opening brief on June 19, 2017. On September 21, 2017, the defendant filed a memorandum in support of the Commissioner's decision. Plaintiff has declined to file a reply. Upon full review of the record in this cause, this court is of the view that the ALJ's decision should be affirmed.

A five step test has been established to determine whether a claimant is disabled. *See Singleton v. Bowen*, 841 F.2d 710, 711 (7th Cir. 1988); *Bowen v. Yuckert*, 107 S.Ct. 2287, 2290-91 (1987). The United States Court of Appeals for the Seventh Circuit has summarized that test as follows:

> The following steps are addressed in order: (1) Is the claimant presently unemployed? (2) Is the claimant's impairment "severe"? (3) Does the impairment meet or exceed one of a list of specific impairments? (4) Is the claimant unable to perform his or her former occupation? (5) Is the claimant unable to perform any other work within the economy? An affirmative answer leads either to the next step or, on steps 3 and 5, to a finding that the claimant is disabled. A negative answer at any point, other than step 3, stops the inquiry and leads to a determination that the claimant is not disabled.

*Nelson v. Bowen*, 855 F.2d 503, 504 n.2 (7th Cir. 1988); *Zalewski v. Heckler*, 760 F.2d 160, 162 n.2 (7th Cir. 1985); accord *Halvorsen v. Heckler*, 743 F.2d 1221 (7th Cir. 1984). From the nature of the ALJ's decision to deny benefits, it is clear that step five was the determinative inquiry.

As noted, Plaintiff was 14 on the alleged onset date. Under the CDB, her insured status is based on having a disability that began before the age of 22. Plaintiff has completed the eighth grade, and was in special education classes for math, language and reading. She states she attempted the GED test three times, but was unable to pass the math and reading portions. She also tried to take her driver's test, but failed seven times. Plaintiff has previously worked at Little Caesar's, Hall's Drive-Thru, and Oakwood Resorts. Plaintiff married on February 14, 2015.

In support of remand or reversal, Plaintiff first argues that the Social Security Administration laws and regulations that require that CDB end when the covered person marries violates her Fifth Amendment rights. The issue is whether Congress may use marriage status as a basis on which to condition eligibility for benefits.

Under 20 C.F.R. § 404.352, a claimant's entitlement to child's benefits ends the month before the earliest of the child: attaining age 18 (unless disabled or a full-time student), passes away, no longer being disabled, or entering a marriage. 20 C.F.R. § 404.352(b); *see* Program

Operations Manual System (POMS) 2 DI 10115.001(H), RS 00203.035(A). With regard to marriage, a claimant's CDB benefits will not end if the claimant is age 18 or older, still disabled, and married to a person entitled to CDB benefits based on disability or a person entitled to other Social Security benefits. 20 C.F.R. § 404.352(b)(4). Otherwise, CDB ceases. *See id.*

The cases cited by Plaintiff address the right to enter into a marriage, and not eligibility for benefits programs. *See, e.g. Obergefell v. Hodges*, 135 S.Ct. 2584 (2015); *Zablocki v. Redhail*, 434 U.S. 374 (1978); *Loving v. Virginia*, 388 U.S. 1 (1967). That is not the issue here.

The Supreme Court has held that Congress has identified a rational basis for limiting CDB to single persons. Recognizing marriage as an event usually marks an important life change—one usually altering an individual's economic status—the Supreme Court held that marriage was a valid and rational basis on which to condition eligibility of a child's Social Security benefits. *Califano v. Jobst*, 434 U.S. 47, 52-54 (1977) ("[s]ince it was rational for Congress to assume that marital status is a relevant test of probable dependency….terminating all child's benefits when the beneficiary married, satisfied the constitutional test normally applied in cases like this"). The District Court in *Sanches v. Sullivan* followed, finding that basing continuing CDB on the claimant's marriage to be a reliable indicator of probable hardship, and therefore constitutional under rational basis scrutiny. *Sanches v. Sullivan*, 735 F. Supp. 286, 289 (N.D. Ill. 1990) ("there can be no question about the validity of the assumption that a married person is less likely to be dependent on his parents for support than one who is unmarried…it was rational for Congress to assume that marital status is a relevant test of probable dependency") citing *Califano v. Jobst*, 434 U.S. at 52-54. Virtually every other Court presented with the issue has agreed. *See Fiola v. Sullivan*, 922 F.2d 526, 526 (9th Cir. 1990) (no equal protection violation); *McMahon v.*

*Califano*, 605 F.2d 49 (2d Cir. 1979) (holding the statute did not create distinctions that were so irrational as to violate the equal protection principles of the Fifth Amendment's due process clause). This Court is not persuaded to ignore Supreme Court precedent, and finds that the Social Security laws and regulations do not violate any of Plaintiff's Constitutional rights.

Next, Plaintiff argues that she has physical and mental impairments that caused limitations that the ALJ did not account for in his RFC analysis. Plaintiff mentions obesity and fibromyalgia as physical impairments not properly considered by the ALJ, but fails to flesh out this argument. Plaintiff does not identify any specific limitations that she feels the ALJ overlooked, and does not cite any evidence. It has long been recognized that a Social Security claimant bears the burden of proof at steps one through four, which focus on the claimant's personal medical condition and capacity. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). Plaintiff was ultimately responsible for "furnish[ing] such medical and other evidence of the existence" of disability. 42 U.S.C. § 423(d)(5)(A); *see* 20 C.F.R. § 404.1512(a) ("you must furnish medical and other evidence that we can use to reach conclusions about your medical impairment(s)"); 20 C.F.R. § 404.1512(c) ("You must provide medical evidence showing that you have an impairment(s) and how severe it is.").

In any event, the evidence makes clear that the ALJ considered these impairments. At step two, the ALJ found obesity to be a severe impairment but noted that the evidence never confirmed a diagnosis of fibromyalgia, particularly under SSR 12-2p (Tr. 20-21). As the ALJ noted, Plaintiff did not furnish evidence of her fibromyalgia, and instead made unsupported references to records from pain medicine specialist Dr. Daniel Roth, D.O., when the doctor's own notes did not include a diagnosis of fibromyalgia (Tr. 21; referring to Tr. 525, 529, 536, 553, 558, 561).

7

However, the ALJ considered Plaintiff's allegations relating to these two impairments throughout his entire decision (Tr. 20-33). In fact, the ALJ set aside the opinion of State agency medical consultant Fernando R. Montoya, M.D. who found only limitations with regard to fumes and hazards, and instead held that Plaintiff's impairments—including her obesity and her chronic back pain—limited her to a reduced range of light work (Tr. 24-25, 30; referring to Tr. 122-23; repeated at Tr. 130-31, 138-39). Moreover, the ALJ specifically referenced Plaintiff's obesity and fibromyalgia in determining Plaintiff's RFC, and noted that her musculoskeletal limitations were likely exacerbated by these impairments (Tr. 26, 31). Plaintiff's vague argument to the contrary merely states that all limitations arising from her obesity must be considered, and that symptoms of fibromyalgia cannot be disregarded. Clearly, however, the ALJ considered Plaintiff's obesity and did not disregard her fibromyalgia, and therefore there is no error.

Next, Plaintiff argues that her borderline intellectual functioning was not adequately covered in the RFC finding, suggesting she could not maintain an adequate pace. However, as the ALJ discussed, Plaintiff reported improvement with her medications, and showed normal mood, affect, behavior, speech, judgment, and thought content at various mental examinations (Tr. 29; referring to Tr. 370, 384-85, 715, 721, 726, 731, 735, 739, 743). Likewise, the ALJ noted that both State agency psychologists—Kari Kennedy, Psy.D. and Joelle J. Larsen, Ph.D.—noted no severe mental impairments (Tr. 30; referring to Tr. 99-100, 121-22; repeated at Tr. 105-06, 111-12, 129-30, 137-78). The ALJ also discussed the opinion of psychological examiner Wayne Von Bargen, Ph.D., who found Plaintiff capable of unskilled or semiskilled work involving concrete and relatively repetitive tasks (Tr. 30; referring to Tr. 421). Despite these opinions being consistent with one another as well as with the longitudinal medical record, the ALJ opted to

8

restrict Plaintiff further, largely on account of her own subjective allegations (Tr. 30-31). In doing so, the ALJ limited her to simple and repetitive tasks on a sustained basis, no fast-paced work or work requiring a regimented pace of production, and work at a flexible pace—defined as allowing some independence in determining either the timing of different work activities or pace of the work (Tr. 24-25).

Nevertheless, Plaintiff argues that she needed unscheduled breaks, and work at a diminished pace. As discussed directly above, the ALJ agreed that her pace should be restricted, and limited her accordingly (Tr. 24-25). As to unscheduled breaks, the ALJ restricted Plaintiff to work allowing some independence in the timing of different work activities (Tr. 24-25). Further restriction is not supported by the record, as both State agency psychologists found no severe mental impairments, and Dr. Von Bargen concluded that Plaintiff made no mention of a need for unscheduled breaks. "The [Commissioner] is entitled to rely not only on what the record says, but also on what it does not say." *Dumas v. Schweiker*, 712 F.2d 1545, 1553 (2d Cir. 1983). Other than her own testimony, Plaintiff cites to nothing showing that she had such a need for unscheduled breaks, and her testimony is overall unpersuasive on the subject. It is clear to this Court that the ALJ's RFC is consistent with the evidence, and thus the Court finds that the ALJ's decision is supported by substantial evidence.

Next, Plaintiff argues that the ALJ mis-evaluated her subjective allegations by improperly considering her daily activities and use of medications. Subjective symptomatology by itself cannot be the basis for a finding of disability. Rather, Plaintiff must demonstrate by medical signs and laboratory findings the existence of an underlying condition reasonably expected to produce the symptomatology alleged. 20 C.F.R. §§ 404.1529(b), 416.929(b); SSR 96-7p.5. Recognizing

9

that the ALJ is in the best position to determine a witness's truthfulness and forthrightness, the Seventh Circuit has repeatedly held that an ALJ's credibility finding is afforded "special deference" and that a reviewing Court must accept the ALJ's credibility finding unless it is "patently wrong." *Jones v. Astrue*, 623 F.3d 1155, 1160 (7th Cir. 2010); *see Shideler v. Astrue*, 688 F.3d 306, 312 (7th Cir. 2012). The Seventh Circuit has held that an ALJ's credibility determination need not need be "flawless" to meet this standard, and that "[n]ot all of the ALJ's reasons must be valid as long as enough of them are," and the "ALJ cite[s] other sound reasons for disbelieving [the claimant]." *Halsell v. Astrue*, 357 F. App'x 717, 723 (7th Cir. 2009) citing *Simila v. Astrue*, 573 F.3d 503, 517 (7th Cir. 2009) and *Shramek v. Apfel*, 226 F.3d 809, 811 (7th Cir. 2000).

In the present case, the ALJ acknowledged Plaintiff's primary complaints of back pain, headaches, mood swings, and anxiety (Tr. 25-26; referring to Tr. 54, 66-67). At the same time, the ALJ noted that Plaintiff's conditions generally responded positively to even conservative treatment (Tr. 26; referring to Tr. 364 (feels "tremendously better" and "better than she ever has" after stopping medications)). Likewise, her mental impairments responded generally well to medications, and resulted in many normal examination findings (Tr. 29; referring to Tr. 370, 384-85, 715, 721, 726, 731, 735, 739, 743). Yet the ALJ credited Plaintiff's statements about her symptoms, and even gave them greater weight than the opinions of three State agency doctors who found her to have no severe mental impairments and to be limited physically only with respect to certain environmental factors (Tr. 30; referring to Tr. 99-100, 121-22, 123). Despite no other opinions expressing limitations beyond those found by these doctors and examining psychologist Dr. Von Bargen, the ALJ—largely on account of Plaintiff's subjective testimony

—limited her remarkably further, restricting her to a reduced range of light work subject to a series of mental limitations (Tr. 24-25).

Plaintiff, in response, states that the ALJ did not consider all factors relating to her activities of daily living, such as the fact that she received assistance from others in completing these activities. Yet the record clearly shows that the ALJ directly stated that Plaintiff completed activities "along with assistance from her spouse" (Tr. 27). The ALJ listed Plaintiff's activities—which included playing computer games, preparing meals, cooking, shopping, singing, and doing laundry—but merely considered these activities without drawing conclusions or equating these activities with an ability to work (Tr. 27). Rather, the ALJ pointed to mild clinical and diagnostic findings, negative examination findings, and the medical opinions in finding her more able than alleged (Tr. 28). Additionally, the ALJ's RFC finding takes into account many of her subjective allegations, such as being able to sit for only 30 minutes before needing to change positions, and limiting her to occasional postural activities due to back pain (Tr. 24, 27). Accordingly, this Court finds that the ALJ's analysis was not patently erroneous.

Plaintiff also claims that the ALJ overlooked her medication cessation due to her pregnancy aspirations. However, the ALJ explicitly stated that Plaintiff ceased all medications in "anticipation or plan of pregnancy" (Tr. 26). Yet even after stopping her medications, the ALJ noted that Plaintiff reported to her doctors that she felt "tremendously better," even "better than she ever has" (Tr. 26; referring to Tr. 364). This supports the ALJ's ultimate conclusion that conservative treatment improved Plaintiff's conditions, and that the record reflected primarily minimal clinical findings (Tr. 26). Clearly, the ALJ committed no error in considering Plaintiff's medications. Therefore, for all the above reasons, the decision of the ALJ will be affirmed.

## Conclusion

On the basis of the foregoing, the ALJ's decision is hereby AFFIRMED.

Entered: November 3, 2017.

s/ William C. Lee
William C. Lee, Judge
United States District Court
